## In re JOYCE.

### (District Court, M. D. Pennsylvania. January 8, 1904.)

### No. 406.

1. BANKRUPTCY—PERISHABLE PROPERTY—SALE BY RECEIVER—EXEMPTION.

Where a bankrupt's receiver was ordered to sell the bankrupt's property, as perishable, before the time arrived for the appointment of a trustee, the bankrupt was entitled to have certain of the property selected by him to make up the amount of his state exemption set aside and held by the receiver until his right thereto could be determined.

In Bankruptcy.

Petition by bankrupt to have goods claimed as exempt set aside by receiver. The petition of the bankrupt set forth:

That involuntary proceedings were instituted against him December 28, 1903. and the same day a receiver appointed. That afterwards an order was made for the sale of his property as perishable, in pursuance of which the receiver had advertised to sell it at public sale on January 12th. That the petitioner desired to retain certain goods, to the amount of $300, under his state exemption right, to wit:

| | |
|---|---:|
| One cash register valued at | $125 |
| One refrigerator " " | 125 |
| Hanging meat racks " " | 50 |
| | $300 |

—The values being those which were affixed by the appraisers appointed by the court for the receiver. That no trustee had yet been selected, and, there being no means by which he could avail himself of his right to retain and exempt the said goods, except by the order of the court, he therefore prayed that an order be made directing the receiver to set them aside, to await the making and disposition of his exemption claim.

Charles P. O'Malley, for bankrupt.

This practice is new, but we rely on the suggestion of this court in the Le Vay Case, 125 Fed. 990. It is the only way the right of the bankrupt to retain specific articles which is given him by the state law can be preserved. The time for selecting a trustee has not yet come, so that the bankrupt is precluded from making his claim, and having it set off to him in the way provided by the bankrupt act. If, then, the receiver goes on and sells, the bankrupt will be remitted to the money realized, which is not what he wants. This is a court of equity, and can mold the practice so as to protect the rights of all parties; and this it is bound to do in behalf of the bankrupt in the present instance.

A. V. Bower, for creditors.

There is no objection to the order asked for, but it should not be absolute, allowing the exemption, but conditional, to have the goods set aside to await the result of the bankrupt's claim when made.

The court (ARCHBALD, District Judge) made an order the same day directing the receiver to set aside and hold the articles named.

See In re N. Shaffer & Son, 128 Fed. 986.